## STUBBS v STATE OF FLORIDA
### Case No. 89-73-AP
Fourth Judicial Circuit, Duval County

August 14, 1990

### APPEARANCES OF COUNSEL

**Mark H. Mahon, Esquire,** for appellant.

**Kimberly T. Acuna, Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

PETER L. DEARING, Circuit Judge.

The issue presented in this appeal is whether or not the court below was required to and did conduct a *"Richardson"* hearing with regard to evidence proffered by the Defendant. A reading of the transcript of the proceedings below demonstrates that the trial court excluded evidence offered by the Defendant because of the failure of defense counsel to properly notify the State of this evidence in compliance with

the pretrial discovery orders. Under these circumstances, the Supreme Court has held that a hearing is required to determine the reasons for the failure to comply with pretrial discovery order and the possibility of an effective remedy for this failure short of excluding the evidence.

The transcript reveals that the court, without initially conducting such an inquiry, sustained the State's objection to the Defendant's proffered evidence. Immediately thereafter, however, defense counsel proceeded to give the type of explanation that would be required for a full *Richardson* hearing. After considering a proffer of the evidence and having heard from both the State's attorney and Defendant's attorney, the trial judge ratified his earlier ruling excluding the evidence.

The legal requirement to hold a *Richardson* hearing cannot be debated, and the failure to conduct such a hearing can mandate the reversal of a conviction as error per se. The "harmless error rule" does not apply where no *Richardson* hearing was held. In the instant case, however, the Court finds that the trial judge did hold a *Richardson* hearing, albeit after he had preliminarily ruled. This hearing was sufficient to bring into effect the "harmless error" rule so as to allow the Court to look at the quality of the evidence excluded to see if its exclusion was, in fact, harmless error. Having conducted such a review of the proffered evidence, the Court finds that the exclusion of this evidence was harmless error in light of the other evidence presented to the jury. Accordingly, the conviction below is:

AFFIRMED.

DONE AND ENTERED in chambers at Jacksonville, Florida, the 14th day of August, 1990.